Decision accordingly.

---

(134 App. Div. 504.)

SHOTLAND v. MULLIGAN.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

LANDLORD AND TENANT (§ 299*) — SUMMARY PROCEEDINGS — INJUNCTION — GRANTING WITHOUT ACTION PENDING.

> Under Code Civ. Proc. § 602 et seq., injunction can be obtained only in a pending action, so that defendant, in summary proceedings by a landlord commenced in the Municipal Court, having appealed from its final order awarding possession to plaintiff, and under section 2262 obtained from a justice of the Supreme Court stay of execution of the warrant, the Supreme Court cannot, without action brought therefor, but merely on affidavits, enjoin plaintiff from interfering with defendant's possession.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 299.*]

Appeal from Special Term, New York County.

Summary proceedings by Paul Shotland against Delia Mulligan. From an order of the Supreme Court, restraining plaintiff, landlord, from interfering with the possession of defendant, tenant, plaintiff appeals. Reversed, and application denied.

See, also, 60 Misc. Rep. 58, 111 N. Y. Supp. 642.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Gates Hamburger, for appellant.
James N. Catlow, for respondent.

McLAUGHLIN, J. The plaintiff and defendant were landlord and tenant. The plaintiff commenced summary proceedings in the Municipal Court of the city of New York to recover possession of the demised premises, and a trial was had on the 22d of September, 1909. The court directed a verdict in favor of the plaintiff. The defendant asked for a stay, which was granted for one day. On the following day, September 23d, a warrant was issued in due form, in pursuance of which, according to the return of the marshal who executed it, the plaintiff was put in possession. Subsequently thereto, and on the same day, the defendant filed a notice of appeal from the order awarding the plaintiff possession, and procured a stay, in pursuance of section 2262 of the Code of Civil Procedure, until the determination of the appeal. On the afternoon of the same day the defendant went to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the premises; but the plaintiff and the marshal, though they were both served with copies of the order staying the proceeding, refused to allow the defendant to enter. She thereupon obtained from the same justice an order to show cause why the plaintiff and all other persons should not be enjoined from interfering with her possession, and why the plaintiff should not be punished for contempt for preventing her going into possession, and also ordering the plaintiff to leave the premises and let her into possession pending the return of such order. Upon the return of the order to show cause, it appearing from the affidavits that the defendant was still refused admittance to the premises, the order appealed from was granted by another justice. This order provided that "Paul Shotland, landlord, and all other persons, are restrained from interfering with Delia Mulligan, the tenant in possession of" the premises in question.

I know of no authority for the granting of such an order. The Code of Civil Procedure prescribes the cases in which a temporary injunction may be granted. Section 602 et seq. It may be granted to accompany a summons, or at any time after the commencement of an action and before final judgment. Section 608. But it can be obtained only in a pending action. Here no action in the Supreme Court was pending or contemplated at the time the order appealed from was made. Not only this, but the order did not purport to be a temporary one. On the contrary, by its express terms, the injunction was as broad and comprehensive as could be granted by a final judgment in an action in the Supreme Court. It is at least a novel proposition that a tenant, dispossessed through summary proceedings in the Municipal Court, can obtain from the Supreme Court upon affidavits, without bringing an action therein, an order restraining the landlord from interfering with the tenant's alleged possession.

Whether the warrant directing that plaintiff be put into possession was properly issued and executed, and what the effect of the first order obtained on September 23d was, are questions which it is unnecessary here to consider. It may be conceded that the Supreme Court has great power to enforce rights or redress wrongs; but, when such power is exercised, it must be in the manner sanctioned by the rules of practice of the court or the provisions of the statute relating thereto. The order here appealed from has not the semblance of either.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the application denied, with $10 costs. All concur.