KATIE P. GREENBLATT, Respondent, *v.* MOE D. LEIPZIG, Appellant, Impleaded with MRS. MOE D. LEIPZIG, Defendant.

Supreme Court, Appellate Term, First Department, November 10, 1925.

Accord and satisfaction — action by plaintiff for breach of oral agreement for board — defendant, after dispute, gave plaintiff check for week's board, bearing words "paid in full" — acceptance of check constitutes accord and satisfaction.

In an action by the plaintiff for breach of an oral agreement for board, the acceptance of a check bearing the words "paid in full," given by defendant to plaintiff for a week's board, after a dispute between the parties as to plaintiff's observance of the Jewish dietary regulations, and defendant's announcement of his intention to leave plaintiff's table, constitutes an accord and satisfaction in the absence of any explanation.

APPEAL by defendant from a judgment of the Municipal Court in favor of plaintiff for $250 after a trial by judge without a jury.

*Nathan Friedman* [*Irving J. W. Marx* of counsel], for the appellant.

*Nathan & Tollins* [*David B. Tollins* of counsel], for the respondent.

PER CURIAM:

Plaintiff landlord sued for damages for the breach of an oral agreement for board. The defense consisted of a claim that misrepresentations had been made as to the character of the accommodations furnished, and secondly that there was an accord and satisfaction. The proof on the latter phase of the case developed that after a dispute between the parties in regard to the plaintiff's observance of the Jewish dietary laws defendant announced his intention to leave and a discussion followed as to the amount of rent that he should then pay and he gave plaintiff a check for one week's board which it is not disputed bore the words "paid in full." The acceptance of this check without any attempted explanation constitutes an accord and satisfaction.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.