MONROE HOUSE, Respondent, v. MANOR POULTRY CORPORATION, Appellant.— This is an appeal from a judgment of Tioga County Supreme Court, entered on a jury's verdict in plaintiff's favor. Suit was brought for an unpaid balance of the alleged agreed price and reasonable value of chickens sold to defendant by plaintiff and of feed provided for such chickens during the period intermediate of the asserted agreement for their sale and the time of their delivery to defendant. Plaintiff contends that there was an agreement made on September 15, 1951, for the sale by him and the purchase by defendant of all of plaintiff's chickens, they to be taken within ten days at the price of twenty-eight cents a pound and plaintiff to feed them corn in the meantime. Defendant picked up the chickens in four lots at intervals from September 25th until October 22, 1951. On such occasions the loaded trucks were driven to the nearby village of Spencer for weighing. After the weighing defendant pre-

pared and handed to plaintiff a statement of the contents of the truck with the price computed on poundage and delivered to plaintiff a check for the amount so indicated. Plaintiff retained and cashed these checks. The first lot of chickens, small in number, was paid for at the rate of twenty-eight cents a pound. The two succeeding lots were priced by defendant and paid for at twenty-three cents a pound and the final lot at twenty-five cents. On the several occasions there were discussions about the price being under twenty-eight cents. Plaintiff protested the short prices as not being in accord with the agreement. Defendant pleaded the defense that the process of rendering a statement as each load was weighed and the contemporaneous tendering to plaintiff of a check, which was retained and cashed, constituted an account stated and an accord and satisfaction, barring plaintiff's recovery. It is also urged that plaintiff's delay of nine months in making demand for further payment and of approximately one year in instituting this action is unreasonable and should be taken as acquiescence by him in the justness and correctness of the payments he had received. The issues as to accord and satisfaction and account stated were submitted to the jury as questions of fact. No exception was taken by the defendant to any part of the court's charge, which then became the law of the case. The circumstances here disclosed indicate that it could not be found that either of defendant's above-mentioned defenses was established as a matter of law. With respect to the defense of account stated, there is evidence of protest by plaintiff as to the amount of the payment which would not be consonant with the theory of an absolute assent to the correctness of the statement. With respect to the defense of accord and satisfaction, there was no notation on the checks tendered and received specifying them to be payments in full. It would be a question of fact whether other requirements of accord and satisfaction existed, i.e., insistence that the payment must be accepted in full or the check returned or that the tender was in settlement of a dispute. (*Hudson v. Yonkers Fruit Co.*, 258 N. Y. 168, 174.) Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.