WEAREVER UPHOLSTERY AND FURNITURE CORPORATION, Appellant, *v.* HOME INSURANCE COMPANY et al., Respondents.

First Department, May 24, 1955.

*Gilbert Goldstein* of counsel (*Lawrence Kovalsky* with him on the brief; *Goldstein & Goldstein,* attorneys), for appellant.

*Herbert P. Polk* of counsel (*Frederic C. Pitcher* with him on the brief; *Lowenstein, Pitcher, Amann & Parr,* attorneys), for respondents.

*Per Curiam.* This action was brought to recover upon eight policies insuring plaintiff against loss or damage to certain described personal property and a ninth policy covering business interruption. All of the policies contained a provision voiding them if the insured misrepresented any material fact or circumstance or swore falsely in relation to the insurance or the subject thereof. Defenses were interposed, among others, of fraud in the proofs of loss, false swearing and the production of false books and bills in the insured's examination under oath. A verdict was directed in favor of the defendant insurers at the close of the plaintiff's case. The record discloses that in addition to the testimony of plaintiff's president given upon the trial, he had been examined under oath following the fire loss by the defendants pursuant to a provision of the respective policies. Moreover, it was shown that he had testified some years before in a reclamation proceeding in a Federal bankruptcy court to recover the identical property which formed the bulk of the present claim.

It is plain that in the light of his former sworn statements the testimony of this officer of plaintiff corporation was badly shaken upon cross-examination. This was not limited to any one phase of the case, but included the source from which the personal property was obtained, the time of delivery of the property and the value thereof.

It is recognized that a motion for a directed verdict may be made at the close of the evidence offered by an opponent and

such verdict may be directed by the court when it would be required to set aside a contrary verdict for legal insufficiency of evidence. (Civ. Prac. Act, § 457-a.)

There appears to be continuing confusion, however, in the implementation of this apparently plain language. The Judicial Council has summarized the meaning of this statutory provision by stating that '' [b]riefly, a trial court may under existing case law direct a verdict when, looking only to the evidence of the party against whom the motion for a directed verdict is made and accepting as true the testimony of that party's witnesses, the court would be required to set aside a verdict in favor of the party against whom the motion was interposed on the ground that the evidence was as a matter of law insufficient to support such a verdict. There should no longer be any question but that a trial court may not direct a verdict simply because it would set aside a contrary verdict as against the weight of the evidence.'' (Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 250.) In considering a motion to direct a verdict, the court cannot properly undertake to weigh the evidence. Its duty is to take that view of the evidence most favorable to the nonmoving party, and from the evidence and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the moving party. The test is whether the trial court could find '' that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence * * * presented.'' (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.)

The trial court, in directing a verdict, held that the asserted defenses of fraud and false swearing were established upon cross-examination of plaintiff's witnesses by clear and convincing evidence as a matter of law. Although plaintiff had established a prima facie case, the trial court, in effect, held that the evidence adduced upon cross-examination of plaintiff's witnesses destroyed plaintiff's case. As we view the record, all of the elements of fraud have not been established by such overwhelming evidence that reasonable men could only conclude that defendants must prevail. Despite the shattering cross-examination of plaintiff's president, there still existed disputed questions of fact though the preponderance of the evidence was strongly in favor of the defendants. A prima facie case had been made out by the plaintiff and the weighing of all the evidence, including a consideration of the credibility of plaintiff's witnesses, was for the jury. (Cf. *McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y.

66, 70.) It is unnecessary for us to speculate as to what action should be taken at the close of all the evidence but the rules here stated would be applicable at that time.

The judgment appealed from should be reversed, with costs to appellant to abide the event, and a new trial granted.

Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.