ROBERT V. McDONALD, Appellant, *v.* GEORGE H. HATZ et al., Respondents.

Fourth Department, December 19, 1956.

*Milo Thomas* for appellant.

*Robert B. Nellis* for respondents.

*Per Curiam.* In our opinion the trial court erred in directing a verdict in favor of the defendants upon the grounds that the plaintiff had failed to establish that his injuries had resulted from the condition of the hot-water faucet and further that plaintiff was guilty of contributory negligence. The evidence presented questions of fact that were submitted to the jury by a clear and correct charge. A trial court may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency of evidence. (Civ. Prac. Act, § 457-a.) The application of this statutory provision was considered in *Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.* (286 App. Div. 93, 95), where it was said: " In considering a motion to direct a verdict, the court cannot properly undertake to weigh the evidence. Its duty is to take that view of the evidence most favorable to the nonmoving party, and from the evidence and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the moving party. The test is whether the trial court could find ' that by no rational process could the trier of the

facts base a finding in favor of the [party moved against] upon the evidence * * * presented.' (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) ''

In the instant case, plaintiff and another witness testified that hot water flowed from the faucet that broke. One of defendants' witnesses, who was related to one of the defendants, testified that months after the accident cold water flowed therefrom. This presented a factual issue for the jury. Similarly, the question of plaintiff's contributory negligence, if any, was for the jury. The testimony of another of defendants' witnesses, who related a prior description by plaintiff as to the manner in which the accident happened did not contradict plaintiff's version except as to the amount of force that was used in turning the faucet. Moreover, this witness was shown to have had business relations with the defendants and his credibility was for the jury to pass upon. The rule of law enunciated by the trial court relating to the noncontradiction of the evidence of a party to an action — not, as here, to a witness — being conclusive was inapplicable.

The judgment and order appealed from should be reversed on the law and facts and the verdict of the jury reinstated.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Judgment and order reversed on the law and facts, with costs, and verdict of the jury reinstated.