■   HATTIE FUHRMAN, Appellant, v. HARRY A. DAVIS, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: In this negligence action there were presented questions of fact as to the negligence of the defendant and the contributory negligence of the plaintiff, but the Trial Justice directed the jury to return a verdict in favor of the defendant on the theory that he would have been required to set aside a verdict in favor of the plaintiff if rendered, under section 457-a of the Civil Practice Act. That section, however, has no application to questions of fact or to weight of evidence. It may be invoked only when the court "would be required to set aside a contrary verdict for legal insufficiency of evidence." The rule as stated by this court in *McDonald* v. *Hats* (3 A D 2d 32) is as follows: "A trial court may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency of evidence. (Civ. Prac. Act, § 457-a.) The application of this statutory provi-

sion was considered in *Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.* (286 App. Div. 93, 95), where it was said: 'In considering a motion to direct a verdict, the court cannot properly undertake to weigh the evidence. Its duty is to take that view of the evidence most favorable to the nonmoving party, and from the evidence and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the moving party. The test is whether the trial court could find "that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence * * * presented." (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.)'" All concur. (Appeal from a judgment of Erie Trial Term for defendant for no cause of action, by direction of the court on motion by defendant at the close of defendant's case, in an automobile negligence action.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.