Per Curiam.

In this action by a salesman to recover of his former employer a balance of alleged unpaid commissions in the sum of $2,548.42, the trial court directed a verdict in plaintiff’s favor in the sum of $237.90. In so doing, the court *96 held that the phrase “ Commission 5% on net shipments ” contained in defendant’s Exhibit A, a memorandum made in the handwriting of its officer on May 4, 1956, when plaintiff was employed and of which defendant’s Exhibit B was substantially a copy, in the handwriting of the plaintiff, was unambiguous and that as a matter of law ‘£ the plaintiff can only collect a commission on goods actually shipped.” Overlooked was the fact that plaintiff relied upon an oral agreement of employment of which these unsigned writings were mere memoranda and that he claimed that he was entitled to commissions on all orders accepted by the defendant and not merely upon those that were shipped.
There is, of course, a difference between a contract in writing and a note or memorandum thereof. ££ The one is subject to the parol evidence rule; the other may be shown by parol to be inaccurate or incomplete ”. (Mesibov, Glinert & Levy v. Cohen Bros. Mfg. Co., 245 N. Y. 305, 313.) As was stated by the Court of Appeals in Friedman & Co. v. Newman (255 N. Y. 340, 344): ££ Doubtless a note or memorandum may constitute an admission of the making of the oral contract and of its terms, but neither the parol evidence rule nor the statute prevents the introduction of evidence contradicting the admission. Except as evidence of the oral contract, the memorandum has no force or effect unless and until the oral contract has been established by a preponderance of evidence. Then, if accurate and complete, it prevents the interposition of the Statute of Frauds as a bar to the enforcement of the oral contract. ’ ’
Richardson on Evidence likewise states ([8th ed.], § 592, p. 564) :££ A mere memorandum, not intended to express the terms of a contract, will not exclude parol evidence to complete the agreement. The memorandum is not presumed to contain the whole agreement. (Citations.) ” The court, therefore, erred in holding that testimony cannot be introduced to vary what it deemed the ££ obvious meaning ” of the term “ Commission 5% of net shipments.”
It was also error for the court to hold that the check, dated February 1, 1957, in the sum of $47.92, containing the notation ££ Bal for 1956 ” was conclusive proof of an accord and satisfaction of any obligations for the year 1956, and that it should have excluded any verbal testimony tending to contradict this notation. Aside from the fact that this defense was not pleaded, plaintiff testified that he had disputed the statement that was handed to him with the check and that he threw both back at defendant’s officer, who then talked with him for an hour and a half and asked him to take the check on account and that his *97 accountant 11 will be in again and I will go over what you sold goods and I will pay you Plaintiff claimed that it was upon this assurance that he took the check on account.
This version of the transaction was disputed by the defendant. That, however, in our view, presented a question of fact which could not be disposed of as matter of law on a motion for a directed verdict. If there was a dispute concerning the amount owed to the plaintiff for the year 1956, then the acceptance of the. check, without any reasonable explanation, constituted an accord and satisfaction. (Greenblatt v. Leipzig, 125 Misc. 922.) The plaintiff testified that there was a dispute as to the amount of his commissions and attested to the circumstances under which he took the check for less than the amount he claimed. His explanation of these circumstances cannot be said to be unreasonable as a matter of law and it was, therefore, a question of fact whether the requirements of an accord and satisfaction existed. (House v. Manor Poultry Corp., 283 App. Div. 989, 990; see, also, Hudson v. Yonkers Fruit Co., 258 N. Y., 168, 174.)
The test to be applied upon a motion for the direction of a verdict is whether the court ‘1 would be required to set aside a contrary verdict for legal insufficiency of evidence ” (Civ. Prac. Act, § 457-a, subd. 1); in other words, whether there has been an actual defect of proof, and hence, as matter of law the party moved against was not entitled to recover. In considering a motion to direct a verdict the court cannot properly undertake to weigh the evidence. Its duty is to take that view of the evidence most favorable to the non-moving party, and from the evidence and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the party moved against. 11 The test is whether the trial court could find ‘ that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence * * " presented. ’ (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245.) ” (Wearever Upholstery & Furniture Corp. v. Home Ins. Co., 286 App. Div. 93, 95.) Stated differently, the court is justified in directing a verdict 11 not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and hence, as a matter of law, the party [plaintiff here] was not entitled to recover.” (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 70.)
In our view of the evidence adduced by the plaintiff here, it cannot be said that it was so defective that he was not entitled to recover as a matter of law. The weight to be given to this *98 evidence, in light of the unsigned memoranda made on the date he was employed and his acceptance of the check, dated February 1, 1957, was for the jury who alone is constitutionally endowed with the right to pass upon the credibility of witnesses. (Swensson v. New York, Albany Desp. Co., 309 N. Y. 497, 505; Piwowarski v. Cornwell, 273 N. Y. 226, 229.)
The judgment should be unanimously reversed on the law and the facts and a new trial granted, with $30 costs to the plaintiff to abide the event.
Concur — Pette, Hart and Brown, JJ.
Judgment reversed, etc.