Matthew M. Lett, J.
The plaintiff moves for summary judgment. Tie asserts that he was unloading a truck parked parallel to the curb side. The defendant Jackson, in backing his vehicle, caused it to strike the front of the truck being unloaded by the plaintiff. There is no contention by the plaintiff that the defendant’s truck came into contact with him. The plaintiff claims that the defendant’s vehicle was so backed that it bumped into the plaintiff’s truck and that the latter was caused to move, by virtue of which the plaintiff, working nearby, was injured. Prima facie, no doubt, this is quite good.
But, in response, the defendant states that, in the process of his backing up — at “ snail’s pace”- — there was a contact between the trucks which was slight and negligible and without damage to either vehicle, that the plaintiff’s curbed truck did not move, and that the right-angle positions of the two automobiles made it physically impossible for the curbed truck to be pushed backwards so as to hit the plaintiff. The defendant further states that, in the position in which the plaintiff had been, he could not have sustained any injury. The defendant thus denies any damage done to the truck, or that the truck moved or that the plaintiff was in any way physically involved.
By way of reply, and not in his moving papers, the plaintiff states that he was removed from the scene by an ambulance and that a policeman attended on the occasion and made his report. The police report (annexed to the reply affidavit) is not decipherable. This may be due to the fact, apparently, that there is nothing there about an injury or ambulance service. There is also attached to the reply an affidavit that is said to be a statement from the Department of Hospitals; but this, too, is not decipherable. It is further stated by the plaintiff that he received a workmen’s compensation award for this injury. All this data, if properly proved and connected, would undoubtedly have effect. But, if rule 113 of the Rules of Civil Practice is to be invoked, this material information, fully and clearly presented, with due foundation laid therefor, should have been in the moving papers.
As is well known, rule 113 has recently been amended so as to bring negligence actions within its purview. But, it has been said — and I agree — that such “ actions don’t readily lend themselves to a summary disposition. No matter how overwhelmingly the proof in favor of a plaintiff may appear to be, if there is any issue of negligence or freedom from contributory *758 negligence, the defendant has the right to have those issues resolved at a trial. * * * Its [the court’s] duty is to take that view of the evidence most favorable to the non-moving party, and from the evidence, and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the moving party.[1] ***5* * * It is quite apparent * * * that summary judgment, in a negligence action can be granted only in the clearest of cases. ” (The New Summary Judgment Rule, Samuel S. Tripp, N. Y. L. J., March 8,1960, p. 4, col. 1.)
It cannot be said in every case where a defendant’s vehicle is “backing up”, that this, without more, is such conclusive proof of liability as to warrant the granting of a motion by the plaintiff for summary judgment. (Cf. Beelendorf v. Deneke Provision Co., 263 N. Y. 652; 6 Warren, Negligence in the New York Courts, § 388, par. 12, p. 75.) It is elementary that the mere happening of an accident does not create a presumption that the occurrence was the result of the negligence of the operator of the motor vehicle involved in the occurrence. (Galbraith v. Busch, 267 N. Y. 230.)
The pattern on motions for summary judgment in personal injury actions is against granting them when there is some indication of issues. I think the instant case — though a close one —does not escape this pattern. The defendant having put in issue negligence, contributory negligence, and whether or not plaintiff was injured as a result of the accident, the motion must be denied.

 This appears to be an excerpt from the Per Curiam opinion of the court in Wearever Upholstery & Furniture Corp. v. Home Ins. Co., 286 App. Div. 93, 95. The words "moving party” at this point seem to me to be a misprint, and should, I think, be “non-moving party” (cf. Bornas v. Standard Acc. Ins. Co., 5 A D 2d 96, 102).