■ Merchants National Bank & Trust Company of Syracuse, as Trustee, Appellant, v. State Mutual Life Assurance Company of America, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The trial court erred in directing a verdict *sua sponte* dismissing the complaint at the close of the evidence. In that posture of the case the court could not undertake to weigh the proof. It was required to take that view of the evidence most favorable to the plaintiff, and from the evidence and inferences reasonably to be drawn therefrom, determine whether or not under the law, a verdict might be found for plaintiff. " The test is whether the trial court could find ' that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence  *  *  *  presented.' (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245.) " (*Wearever Upholstery & Furniture Corp.* v. *Home Ins. Co.*, 286 App. Div. 93, 95.) " The distinction between a case insufficient in law and a case not supported by the weight of the evidence is a well-settled one ". (*Vanderhule* v. *Berinstein*, 285 App. Div. 290, 295.) Issues of fact were here presented for determination by the jury. Under the policy provision the burden was on plaintiff to establish, among other things, that death occurred " solely through external, violent and accidental means, directly and independently of all other causes ". In the light of the proof consideration also must be given to certain risks not covered by the provisions of the contract. Thus, it was stated that the double indemnity did not cover death " resulting directly or indirectly  *  *  *  from any physical  *  *  *  disease, illness, or infirmity; from sickness resulting from the eating of any form of food or drinking of any form of liquid  *  *  *  or from any kind of poisoning, whether voluntary or otherwise ". Upon

the new trial these provisions should be implemented in the light of established legal principles (cf. *Gittelson* v. *Mutual Life Ins. Co.*, 266 App. Div. 141). (Appeal from judgment of Onondaga Trial Term for defendant for no cause of action, by direction of a verdict by the court made on motion by defendant at the close of the evidence.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.