NEW YORK & NEW JERSEY TELEPHONE CO. v. ROSENTHAL et al.

(Supreme Court, Appellate Division, Second Department.   October 16, 1908.)

1. EXECUTION—INTERLOCUTORY INJUNCTION—UNDERTAKINGS AND PAYMENT INTO COURT—SUFFICIENCY.

Where, on obtaining the order to show cause on which an injunction staying the payment of money levied on under a judgment was issued, plaintiff gave an undertaking for the payment of all damages caused by its issuance, and gave a second undertaking conditioned for the payment of the judgment and all damages, interest, and costs, and the full amount of the judgment, including interest and costs, had been paid into court, on the execution there was a compliance with Code Civ. Proc. § 613, requiring the applicant for such an injunction to pay the full amount of

the judgment, including interest and costs, into court, or give an undertaking in lieu thereof, and also to give an undertaking to pay to the party enjoined all damages and costs in the action wherein the injunction is granted.

2. SAME—PROCEEDINGS—NECESSITY OF COMPLAINT—INJUNCTION ON AFFIDAVIT.

An injunction to stay the payment of money levied on under a judgment, pending suit to vacate the judgment, being granted under Code Civ. Proc. § 604, authorizing an injunction pending an action, when it appears by affidavit that defendant is doing some act tending to render the judgment ineffectual, to restrain him therefrom, and not under section 603, authorizing an injunction when it appears from the complaint that plaintiff is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission, etc., of which, pending the action, would injure plaintiff, no complaint was required to be presented or served with the moving papers.

3. PROCESS—SERVICE—TIME OF SERVICE—HEBREW SABBATH—STATUTORY PROVISIONS.

Laws 1839, p. 335, c. 367, making void the service of all writs, orders, etc., on Saturday upon any person keeping that day as the Sabbath, having been expressly repealed by Laws 1847, p. 451, c. 349, service of moving papers for an injunction on Saturday upon such a person was valid.

4. JUDGMENT—EQUITABLE RELIEF—ACTION TO VACATE—INADEQUACY OF LEGAL REMEDY.

Where a default judgment was rendered in the Municipal Court, after it had lost jurisdiction of the action, against a defendant who had no knowledge of the trial and judgment until 23 days thereafter, when the time for moving to vacate the judgment had expired, the legal remedy by moving before the Municipal Court to vacate the judgment being unavailable, an equitable action to vacate is proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 768–772.]

Appeal from Special Term.

Action by the New York & New Jersey Telephone Company against Alexander S. Rosenthal, individually and as justice of the Municipal Court of the City of New York, and others, to vacate a judgment. From an order granting a temporary injunction, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Max Brown, for appellants.
Arnold W. Sherman, for respondent.

RICH, J. This appeal is from an order granting an injunction pendente lite, made at Special Term. The action is brought to vacate and set aside a judgment of the Municipal Court in favor of one Mendelson against the plaintiff in this action. The record discloses that the defendant Mendelson brought an action in the Municipal Court against the plaintiff, and that the defendant Rosenthal, before whom the action was tried, lost jurisdiction by the failure of the court to attend at the time and place to which the trial had been adjourned. Subsequently, and on December 23, 1907, judgment was entered against the telephone company, after trial of the plaintiff's side of the case before Justice Rosenthal and a jury. Neither the company nor its attorney had any knowledge of this trial until January 15th following, when it received notice of the entry of the judg-

ment. The time had then expired in which a motion could be made in the Municipal Court to vacate and set aside the judgment, under the provisions of the Municipal Court act (Laws 1902, p. 1486, c. 580). On the following day, January 16th, the defendant Freeman, a marshal of the city of New York, levied upon money of the telephone company in the hands of its attorney, and paid the full amount of the judgment to the defendant Van Wart, the clerk of the Municipal Court. This action was then commenced, and an order has been made enjoining, during the pendency of the action, Van Wart from paying the money to Mendelson, or his attorney, Brown, both of whom were alleged to be insolvent, and restraining the defendants from taking any further action or proceeding in the Municipal Court action. It is contended by the appellant:

First. That the injunction was improperly granted because the plaintiff had given but one undertaking, while section 613 of the Code of Civil Procedure required two, unless the full amount of the judgment, including interest and costs, was paid by plaintiff into the court in which the action was commenced. The plaintiff presented an undertaking, when it obtained the order to show cause upon the return of which the order from which this appeal is taken was granted, conditioned to pay all damages caused by the issuance of the injunction if improperly granted, and the learned justice at Special Term, before granting the order, required a second undertaking to be given, conditioned as required by the Code of Civil Procedure, for the payment of the judgment and all damages, interest, and costs sustained by the defendants, not exceeding $250. As the full amount of the judgment, including interest and costs, had been paid into court by the marshal on execution, section 613 had been complied with.

Second. That the plaintiff's right to an injunction depended upon the nature of the action, and because no complaint showing the nature of the action was presented to the court an injunction could not be granted. This contention is based upon the assumption that the injunction was under the provisions of section 603 of the Code of Civil Procedure; but the learned justice at Special Term held that the application was made under the provisions of section 604, to prevent the doing of an act tending to render the judgment ineffectual, and therefore no complaint was required to be presented or served with the moving papers.

Third. That the moving papers were served upon the defendant Mendelson, a Hebrew, on Saturday, which was a holy day to him, and such service was invalid and void under the provisions of chapter 367, p. 335, of the Laws of 1839. This statute was expressly repealed by chapter 349, p. 451, of the Laws of 1847. See Martin v. Goldstein, 20 App. Div. 203, 46 N. Y. Supp. 961.

Fourth. That the plaintiff has a sufficient and adequate remedy at law by moving before the court which granted the judgment to vacate and set it aside. In this contention the plaintiff is mistaken. Lackner v. American Clothing Co., 112 App. Div. 438, 98 N. Y. Supp. 376.

The order must be affirmed, with $10 costs and disbursements. All concur.