MARIE SCHWARTZ, Plaintiff, *v.* P. & G. RESTAURANT, INC., Defendant.

Supreme Court, Special Term, New York County, November 18, 1947.

*Pillinger & Raiskin* for plaintiff.

*Banton & Pecora* for defendant.

EDER, J. MOTION to continue injunction denied. The moving papers are defective and insufficient. No complaint was served showing the nature of the action; as the application for the injunction obtained was made under section 878 of the Civil Practice Act, no complaint was required to accompany the motion papers (*New York & N. J. Tel. Co.* v. *Rosenthal,* 128 App. Div. 220); nonetheless, the moving papers must disclose a cause of action showing plaintiff to be entitled to ultimate equitable relief, in aid of which an injunction *pendente lite* is requisite.

The motion is predicated, basically, on the affidavit of one of plaintiff's attorneys, which does not reveal any cause of action; it deals with matters of record, essentially. No affidavit is made by plaintiff, nor is there any affidavit of any other person submitted relative to the facts upon which a cause of action by plaintiff for equitable relief may be said to exist.

Seemingly, it is plaintiff's claim that she purchased the business upon a representation by defendant's president that she would be given a lease. This is denied and defendant asserts plaintiff's possession is a purely charitable gesture on the part of the defendant.

Whatever may be the fact, there is nothing to indicate that the nature of the action is one to compel specific performance, to compel the execution by defendant of a lease to plaintiff, though this seems to be the basis of plaintiff's right to redress in equity.

The motion must be denied for insufficiency of the moving papers, without prejudice to renew upon proper papers. In view of the situation disclosed, and to enable plaintiff to renew the motion upon proper papers, in the interests of justice a stay of five days is granted. Settle order.