George Tilzer, J.
This is a motion pursuant to sections 121 and 211 of the Personal Property Law to enjoin and restrain the negotiation of bill of lading No. 61.
It is undisputed that the bill of lading is in the hands of Schmidt Pritchard & Co., which is not a party to the action.
The proposed action is upon a contract against a nonresident, not doing business in this State. The plaintiff, in order to get jurisdiction, has attempted to attach certain goods which had *783 been delivered to a carrier and which is evidenced by a bill of lading. Schmidt Pritchard & Co. assert that they hold the bill of lading in behalf of Miller Hays & Co. and received same from them on July 22, 1958, at which time it had already been indorsed, negotiated and delivered to Miller Hays. Notice of levy was served on Schmidt Pritchard & Co. on July 9, 1958. Miller Hays & Co. concede knowledge of levy on July 8, 1958, but further state that title passed to it not later than July 4, 1958. In fact, they also claim that equitable title passed long before that, since Best (defendant in the. proposed action) merely acted as the representative of a New Zealand supplier, W. & B. Fletcher, and that title passed to Miller Hays & Co. as bona fide purchaser before the arrival of the carrier boat docked in New York and before the warrant of attachment was issued and levies thereon were made.
Plaintiff in rebuttal claims that Miller Hays & Co. is merely acting as a dummy for Best; that any transaction between them, after the attachment was served, was not bona fide and Miller is not a bona fide holder.
Other reasons are submitted by Miller Hays & Co. for denying this motion namely, that plaintiff is precluded from requesting this relief by virtue of a stipulation of July 28, 1958 and that plaintiff has completely failed to bring itself within the law under which an injunction is granted.
The court does not agree that plaintiff has stipulated his right to bring this motion. However, the court is in accord with the contention that plaintiff has failed to bring itself within sections 121 or 211 of the Personal Property Law. This section states (§ 211): “ A creditor whose debtor is the owner of a negotiable bill ” (italics supplied).
There is no clear-cut showing that the debtor is the owner. Such could only be determined after a trial of sharply disputed issues of fact. There is nothing in the preceding stated sections that requires such a trial. As stated in Goldstein v. Societa Veneziana (193 App. Div. 168, 173) our code (Code Civ. Pro. now Civ. Prac. Act, §§ 922-946) provides for a remedy. In such action the person, in whose possession the document is, must be made a party.
The plaintiff has not shown itself entitled to any of the relief specified in sections 121 and 211 of the Personal Property Law.
Motion is accordingly denied. Settle order.