Nicholas M. Pette, J.
This is a motion by petitioners for an order restraining and enjoining respondents from selling and conveying real property of St. John’s Baptist Church, Inc., a religious corporation, located at 106-32 156th Street, Jamaica, N. Y. No summons has been served and no action has been commenced.
An order to show cause has been issued by this court directing respondents to show cause why an order should not be granted, enjoining and restraining the respondent Raymond J. Dunn from entering into any contract to sell the real property of said religious corporation and for such other relief in the premises. It further appears that on October 6, 1958, an ex parte order was submitted for signature, whereby on the petition of St. John’s Baptist Church, Inc., verified by respondent Raymond J. Dunn, as chairman of the board of trustees, the latter would be granted authority to sell and convey the church property to the trustees of the Pentecostal Church of the First Born of the Living God, an unincorporated religious society, pursuant to the contract therefor, dated May 14, 1958, annexed to the petition. The proposed order has indorsed thereon a statement by the Attorney-General of the State of New York, dated September 23,1958, that he had no objection to the granting of the order.
The papers submitted on this motion disclose that there is a serious controversy existing between two camps comprising the Congregation of St. John’s Baptist Church, Inc. It is *766 regrettable that such a division should exist in a society whose very foundation stone is religion. One camp is represented by the respondents and the other by the petitioners. The former contend that the actions which the latter seek to enjoin and restrain were duly authorized by two-thirds majority of the congregation and by the board of trustees, pursuant to resolutions regularly adopted at duly called and lawfully constituted special meetings of said bodies. The petitioners, on the other hand, contend that said acts are ultra vires and were not authorized by any resolution adopted at any duly constituted meeting of the congregation or of the said board of trustees.
Thus, a sharp dispute exists as to the facts here involved, which can be properly ascertained only after trial of the issues raised.
It has been held that the valid commencement of an action is an indisputable prerequisite to the granting of an injunction. (Evans v. Evans, 273 App. Div. 895.)
The granting of a provisional remedy indicates the commencement of an action subject to the condition that a summons be subsequently served. The granting of an order to show cause is not the granting of a provisional remedy; it is merely a substitute for a notice of motion, and is resorted to where prompt action is required. (Matter of Tombini, 177 Misc. 148, affd. 262 App. Div. 956.)
Both in equity and law actions where the right to relief depends upon extrinsic facts no complaint is required to accompany the moving papers under section 878 of the Civil Practice Ace. (New York & New Jersey Tel. Co. v. Rosenthal, 128 App. Div. 220.)
It has been held that “ Equity * * ‘ * interferes in the transactions of men by preventive measures only when irreparable injury is threatened, and the law does not afford an adequate remedy for the contemplated wrong.” (Thomas v. Musical Mut. Protective Union, 121 N. Y. 45, 52; Kane v. Walsh, 295 N. Y. 198, 206-207.)
The right to a temporary injunction must plainly appear from the undisputed facts; if the right depends upon an issue which can only be decided upon a trial, the injunction cannot be granted. (Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182; Voorhees & Hobart v. Hobart, 251 App. Div. 111.)
It has been held that it is not necessary that the summons and complaint shall have been served upon the defendant; that it is sufficient that the summons be presented to the court. (Rose v. Brown, 186 Misc. 553.) This the petitioners here have failed to do. The difficulty here is that we have a sharp dispute as to *767 the facts as stated in the papers, and the fact that there is no action pending.
In such circumstances the court is constrained to deny petitioners ’ motion without prejudice to a renewal upon proper papers.
Settle order on notice.