Mabio Pittoni, J.
The petitioner applies for an injunction pendente lite to restrain the holding of a special meeting of the stockholders of the corporation.
The petition must be denied.
First, the courts are reluctant to interfere by injunction with the internal affairs of corporations and, second, injunctive relief is a harsh remedy that should be granted only where the applicant has established a clear right to such a remedy and has shown irremedial harm if the injunction is denied. The petitioner has failed to show these requisites. (La Vin v. La Vin, 36 N Y S 2d 235 [Froessel, J.]; see, also, Matter of La Vin, 37 N Y S 2d 161 [Froessel, J.]; Salerno v. J. S. Painting Corp., 12 Misc 2d 856.)
If an illegal or improper act on the part of the respondents does take place they act at their peril. In any event, the petitioner has other remedies under our laws. For example, there is section 25 of the General Corporation Law, a suit for wasted assets, a stockholder’s derivative action, and others not necessary to mention at this time.
Furthermore, no authority for the present proceeding has been found by the court or cited by the petitioner. In this respect the valid commencement of an action is an indispensable requisite to the granting of a temporary injunction. (Evans v. Evans, 273 App. Div. 895 [2d Dept.]; Civ. Prac. Act, § 877.) The fact that an action may have been commenced in another jurisdiction does not satisfy the above requirement. (See Barnes v. Andrews, 208 App. Div. 856.)
The petition is therefore denied. Submit order.