John F. Scileppi, J.
On February 4, 1959, petitioner, Delta Discount Corporation, was served with a subpoena by the State Banking Department requiring its managing director to appear before the Acting Superintendent of Banks of the State of New York at a specified place and date to testify what he knows ‘ ‘ in regard to matters relating to the conduct and affairs ’ ’ of said corporation “ and others ” and to produce certain books, papers and documents “ relating to all retail instalment sales transactions acquired by Delta Discount Corporation while engaging in the business of a sales finance company. ”
On February 9,1959, an order to show cause was obtained on the petition of Martin Gr. Breitkopf, the chairman of the board of directors of Delta Discount Corporation, in a proceeding brought by said corporation “ for an Order under Article 78 of the Civil Practice Act, and for a Stay against the state banking department, william r. brennan, jr., Acting Superintendent of Banks of the State of New York ” and others, in which *493 petitioner moved for an order ‘ ‘ staying the Respondents herein from taking any further steps or proceedings against the petitioner
By notice of motion dated February 11, 1959, the Attorney-G-eneral of the State of New York, appearing for the respondents herein, moved to dismiss the petition upon the ground that it fails to state facts entitling the petitioner to the relief sought, or to any relief. It is his contention that a proceeding under article 78 of the Civil Practice Act is not the appropriate remedy either for vacating the subpoena or obtaining injunctive relief, and that this application is nothing more than a motion for a permanent injunction to restrain the State Banking Department from enforcing the subpoena.
The provisions of article 78 of the Civil Practice Act are not appropriate to relief in the nature of a permanent injunction (Matter of Daniels v. Daniels, 3 A D 2d 749; Matter of Farrell, 205 Misc. 293) and a temporary injunction may be issued only in an action either upon an application accompanying the service of process or during the pendency of the action. (Evans v. Evans, 273 App. Div. 895; Matter of Rivkin v. Garbros Inc., 183 Misc. 389, 391.) Since a permanent injunction cannot be granted by way of a special proceeding under article 78 of the Civil Practice Act and the valid commencement or the pendency of an action is an indispensable prerequisite to the granting of a temporary injunction (Evans v. Evans, supra), the respondents’ motion to dismiss the petition is granted. The appropriate remedy for challenging a subpoena is a motion to quash, vacate or to modify it. (Carlisle v. Bennett, 268 N. Y. 212; Matter of Dawn Operators v. Lyon, 283 App. Div. 358.) The power to enforce a subpoena is coextensive with the power to vacate or modify it. (Matter of Zelter v. Nash, 285 App. Div. 1214.)
Submit order.