Harold J. Crawford, J.
This is an action by the alleged members of Local 1, United Telephone Organization against Local 1 of the United Telephone Organization, its officers and local board members: (1) to compel Local 1, its officers and local board members, to conduct a referendum vote of the membership on the following proposition: “ Are you in favor of dissolving Local 1, Long Island, United Telephone Organization and of dividing the treasury and assets of said Local 1 in equal shares among the members in good standing? ”; (2) to direct that all members of the defendant local who were in good standing on the date of certification of the Communication Workers of America, AFL-CIO, by the National Labor Relations Board, as the sole collective bargaining representative for the New York Telephone Company be eligible to vote in such referendum; (3) restraining the officers and local board members of the defendant local from expending or authorizing the expenditure of any of defendant local’s funds except as may be reasonably required to conduct the aforesaid referendum vote and, in the event the majority of the membership approve the aforesaid proposition, to distribute the funds and assets among its members. The plaintiffs move for a temporary injunction, restraining the defendant officers and members of the local board of Local 1, United Telephone Organization, their agents, representatives and all persons acting in concert with them, from expending or disposing of or authorizing the expenditure or disposal of any funds or property belonging to the defendant local pending the trial and determination of the above-mentioned action.
*329 The plaintiffs, who are allegedly members of the defendant local, allege that the by-laws of the defendant local provide that a referendum vote on any subject, proposal or policy may be initiated by the membership; that a petition signed by over 650 of the members of the defendant local requesting the local board to conduct a referendum on the proposition to dissolve the defendant local and to distribute its treasury among its members was sent to the business manager of the defendant local and that there has been no response to the petition and that, upon information and belief, the defendant local has taken no steps with respect to the petition. Plaintiffs further contend that the defendant local is defunct. It has closed its office, shut off its telephone and since the certification of the Communication Workers of America, AFL-CIO, by the National Labor Relations Board it has no reason to exist. In addition the executive board of the parent organization, the United Telephone Organization is also defunct. Therefore, plaintiffs conclude that any attempt to pursue an internal remedy would be futile. Finally, the plaintiffs allege that the treasury of the defendant local is substantial, containing funds or property in the approximate amount of $100,000 and, during the pendency of this action, the defendant local officers may be drawing their salaries or other compensation or expenses as provided in the by-laws and, since the defendant local is defunct, such expenditures would result in the wasting of funds belonging to all the members of the defendant local. Therefore, the plaintiffs contend the temporary injunction should be granted.
The defendants oppose the motion, arguing that Local 1 is not defunct and that it is actually operating and concerned with an immediate attempt to be placed on a National Labor Relations Board ballot in a representation election in the near future to determine which union will be the sole collective bargaining representative of the New York Telephone Company; that the board of Local 1 has met 23 times since the Communication Workers of America was certified on March 15, 1961, as the sole bargaining representative for the New York Telephone Company. They further contend that the individual plaintiffs and all the signatories of the petition are members of the Communication Workers of America, AFL-CIO, and as such are not members of the defendant local and, therefore, should not be entitled to the relief they seek. The defendants further argue that the plaintiffs have not exhausted their internal remedies since, as mentioned, the local is not defunct. Finally, the defendants contend that the by-laws of the defendant local do not permit the referendum sought by the plaintiffs.
*330 The granting or denying of a temporary injunction is within the discretion of the court. (Eidelberg v. Steinberg, 6 A D 2d 895.) The right to a temporary injunction must plainly appear from the undisputed facts. If that right depends upon an issue which can only he decided upon a trial, the injunction cannot be granted. (Matter of Washington v. Dunn, 15 Misc 2d 765; Thallon & Co. v. Best, 13 Misc 2d 782.) For example, if there is a sharp dispute as to the facts which would require a trial (Apollo Stationery Co. v. Pilmar, 11 Misc 2d 263) or if it is necessary to interpret a writing which should only be done on a full record after trial (Ornstein v. 1440 Associates, 11 Misc 2d 793; see, also, Pizer v. Trade Union Serv., 276 App. Div. 1071), then the motion for a temporary injunction should be denied. In the case at bar, it is clear there are sharp disputes as to the facts and as to the interpretation of the defendant local’s by-laws. In any event, even according to the plaintiffs’ theory of the action, the ultimate right to the distribution to the members of the union of the funds in the defendant’s local treasury to the members would depend upon a favorable vote in a referendum. Under these circumstances, it would not appear that the plaintiffs are clearly entitled to the distribution of such funds and the granting of the temporary injunction would suspend operations of the defendant local at a time when, as they allege, they are preparing to challenge the Communication Workers of America, AFL-CIO, in a national labor relations representation election. (See Gilbert v. Burnside, 6 A D 2d 834.)
Accordingly, the motion for a temporary injunction is in all respects denied. The facts herein, however, warrant an immediate trial. Therefore, following the service of an answer, if it has not already been served, the plaintiffs, if so advised, may file a statement of readiness and a note of issue, place the case at the head of the calendar for trial on a day certain within 10 days after such filing and subject to the approval of the Justice presiding at Special Term, Part IH.