J. Irwin Shapiro, J.
By order to show cause, supported solely by an affidavit, and without the commencement of an action, the City Commission on Human Bights (designated in the title as *319 petitioner) makes this application for a temporary injunction to restrain respondents from renting or otherwise disposing of a certain apartment until a determination is made by the City Commission on Human Rights as to alleged discriminatory practices by the respondents in their refusal to* rent or lease that apartment because of race, color, creed, national origin or ancestry in violation of section Bl-7.0 of the Administrative Code of the City of New York.
The respondents argue that the court may not entertain this ■application since it is not made in a pending action. Here we merely have an order to show cause and a supporting affidavit, and ‘ ‘ An action is commenced and jurisdiction acquired by service of a summons.” (CPLR 304.) The respondents are in error. It is true that the court’s right to issue a temporary injunction depends upon a mandating statute and that there is no inherent right to issue such an order. (Bachman v. Harrington, 184 N. Y. 458, 462; Kleinman v. Kleinman, 283 App. Div. 1063.) The statutory warrant for the issuance of a temporary injunction in an action is found in CPLR 6301 which, in pertinent part, provides as follows: “ A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff’s rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.” (Emphasis supplied.)
In construing section 877 et seq. of the Civil Practice Act, the predecessor of CPLR 6301, the courts held that the valid commencement of an action is an indisputable prerequisite to the granting of a preliminary injunction. (Matter of Delta Discount Corp. v. State Banking Dept., 17 Misc 2d 492; Matter of Ray v. Irving Subway Grating Co., 16 Misc 2d 1088; Matter of Washington v. Dunn, 15 Misc 2d 765; Town of Oyster Bay v. Forte, 217 N. Y. S. 2d 231.) However, CPLR 105 (subd. [d]) provides that “ A ‘ civil judicial proceeding ’ is a prosecution, other than a criminal action, of an independent application to a court for relief ” and CPLR 103 (subd. [b]) directs that “ All civil judicial proceedings shall be prosecuted in the form of an action, except tohere prosecution in the form of a special proceeding is authorised. Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the *320 provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.” (Emphasis supplied.)
Subdivision 4 of section Bl-8.0 of the Administrative Code of the City of New1 York provides that under the circumstances here present the petitioner, City Commission on Human Bights, may apply ‘1 for an order requiring the respondents * * * to show cause why they should not be enjoined from selling, renting, leasing or otherwise disposing of such housing accommodation, land or commercial space to any one other than the complainant. The order to show cause may contain a temporary restraining order and shall be served in the manner provided therein. On the return date of the order to show cause * * * it may grant appropriate injunctive relief upon such terms and conditions as it deems proper.”
The foregoing provisions of the Administrative Code sanction this “prosecution in the form of a special proceeding” as permitted by CPLR 103 (subd. [b]).
CPLR 304 provides that “ A special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause.” While the present proceeding was not instituted by a petition but by an order to show cause based upon an affidavit, it would seem to comply with the requirements of the section in question. However that may be, we are directed by CPLR 103 (subd. [c]), where the parties are before the court, not to dismiss solely because the proceeding “ is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.” Hence, the affidavit in this case may be deemed a petition for the purposes of this proceeding.
Having met and determined the threshold objections to the entertainment of this application, we now reach the merits of petitioner’s complaint. The sole affidavit submitted is that of Honorable William H. Booth, Chairman of the City Commission on Human Bights. He annexes to his affidavit a copy of a complaint filed by one Gertrude Brown, who alleges that she has been discriminated against because she is a Negro. However, the basis of the alleged discrimination is the alleged offer to rent an apartment to “ a white friend ” and the denial of such renting to her. There is no supporting affidavit from the ‘1 white friend ” and she is not otherwise identified in the moving papers. Thus the City Commission on Human Bights would have the court stay the respondents from the utilization of their own property upon the complaint of its chairman, who concededly has no knowledge of the merits of the complaint, and an affidavit of *321 complaint made by said Gertrude Brown, whose information as to whether an apartment was offered to the “ white friend ” is based wholly upon hearsay. While the court is in sympathy with the laudable efforts of the commission to carry out its functions and to protect those who have been illegally discriminated against, there must be something more before the court than allegations upon information and belief before a temporary injunction may issue.
While there are statements in the memorandum of law submitted to the court which, if incorporated in affidavit form, would support the application made by the City Commission on Human Rights, those statements not under oath may not be considered on the merits of the petitioner’s right to the relief requested. Under all the circumstances, the motion is denied without prejudice to renewal upon proper papers.