In the Matter of the Application of SAMUEL J. ORANGE, a Disbarred Attorney, for Reinstatement to the Bar.— Motion denied. Present — Lazansky, P. J., Young, Davis, Johnston and Adel, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of ELLERY O. PHILLIPS, an Attorney and Counselor at Law. Respondent.— There is doubt that respondent took any of the moneys collected by the agency of which he was the attorney. The proof indicates he was lacking in care and wanting in concern for the interests of the client of the agency in delivering a satisfaction piece without seeing to it that the client had received his due. The respondent is hereby censured which is deemed adequate discipline in view of the fact he is seventy-two years of age and will in all likelihood discontinue the practice of the law. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

CELIA WALD, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant. — Motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

RUTH WHITE, Appellant, v. LORETTO E. COSGROVE and Another, Individually and as Trustees under Agreement Dated July 20, 1909, Respondents, and JOHN WALLACE WHITE, an Infant under the Age of Fourteen Years, etc., Appellant, and Another, Defendant.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

BERNARD ALTSCHULER, Appellant, v. EVA ALTSCHULER, Respondent.— In an action for separation in which the defendant wife counterclaimed for and was awarded an absolute divorce with custody of the two children of the parties, the plaintiff being accorded the right of visitation, order in so far as it denies plaintiff's motion to amend the final decree of divorce by eliminating therefrom the provision requiring plaintiff to pay to the defendant the sum of fifteen dollars a week for the support and education of each of the children (nunc pro tunc as of October 1, 1934), affirmed, with ten dollars costs and disbursements. The defendant wife remarried subsequent to the decree and with her then husband and the children removed to California, where said husband had obtained employment. These circumstances, in our opinion, furnish no reason for the relief of the plaintiff from the obligation to support his children as directed by the decree, the welfare of such children being the paramount consideration. (See Kane v. Kane, 241 Mich. 96; 216 N. W. 437; Hart v. Hart, 266 Mich. 564; 254 N. W. 207; Epstein v. Epstein, 234 Mich. 200; 207 N. W. 894.) This case involves a judicial decree and for that reason is distinguishable from those in which contracts of separation were presented, in which latter cases the recovery of amounts payable to the wife by the husband for support of the children has been denied. (Muth v. Wuest, 76 App. Div. 332; Duryea v. Bliven, 122 N. Y. 567.) The case of Horris v. Harris (197 App. Div. 646), properly read and considered in the light of its own peculiar facts, is not at variance with our ruling. Lazansky, P. J., Young, Carswell, Johnston and Taylor, JJ., concur.