SECOND DEPARTMENT, MARCH, 1948.

(March 1, 1948.)

NADWOR EQUITIES CO., Appellant, v. JOSEPH WEXNER, Respondent.— Motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

LILYAN AMSTERDAM, Appellant, v. FRANCES MANDEL, Respondent.— In an action to recover brokerage commissions, order denying plaintiff's motion to examine two witnesses — alleged agents of defendant — before trial, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs, the examination to proceed on five days' notice. The facts disclosed by the affidavit show the existence of special circumstances entitling plaintiff to the examination. (*Bloede Co.* v. *Devine Co.*, 211 App. Div. 180; *Farber* v. *DeBruin*, 253 App. Div. 909; *Laruffa* v. *Astarita*, 264 App. Div. 785.) Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

OLGA S. EVANS, Respondent, v. VICTOR F. EVANS, Appellant.— Appeal by defendant from an order granting motion of plaintiff for an injunction *pendente lite* and denying the cross motion of defendant, appearing specially, to vacate service of the summons and complaint in an action to enjoin defendant from prosecuting a suit for divorce in another State. Order reversed on the law, without costs, the motion of plaintiff denied, and the motion of defendant granted, without costs. The defendant appeared specially in moving to vacate. (*Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584, 587.) It appears to be undisputed that plaintiff failed to procure an order for substituted service (Civ. Prac. Act, §§ 230, 231) before serving the summons, complaint and motion papers on defendant in the State of Arkansas. The valid commencement or the pendency of an action is an indispensable prerequisite to the granting of a temporary injunction. (Civ. Prac. Act, §§ 877, 878; *Shotland* v. *Mulligan*, 134 App. Div. 504, 505; *Matter of Greene*, 153 App. Div. 8, 10, 11.) This procedural defect precludes consideration of the questions of the jurisdiction of the court (*Robinson* v. *Robinson*, 254 App. Div. 696, affd. 279 N. Y. 582) and the necessity of an injunction as a remedy. (*Pereira* v. *Pereira*, 272 App. Div. 281.) Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

DOROTHY H. FOX, Appellant, v. WILLIAM F. FOX, Respondent.— Order denying appellant's application for a money judgment for alimony in arrears under a final decree of divorce, insofar as appealed from, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, without costs, to the extent of directing entry of judgment in the sum of $2,030. The appellant's removal to California and remarriage furnish no reason for relief of the defendant from his obligation to support his children as directed by the decree. (*Altschuler* v. *Altschuler*, 248 App. Div. 768; *Niekrug* v. *Neikrug*, 269 App. Div. 751.) As to the sum of $250 allegedly due and unpaid for the period prior to August, 1942, a question of fact is presented which may be resolved upon a trial, if appellant be so advised. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [See *post*, pp. 910, 967.]