George M. Fanelli, J.
Plaintiff wife moves to punish defendant for contempt in that he has failed to make payments, as directed by a judgment of divorce rendered by this court in March, 1942, for the support and maintenance of one of his children (who will become 19 years of age on June 26, 1958). Defendant opposes the motion and, by way of cross motion, moves to modify said judgment to the extent of eliminating said support provisions until such time as said child is returned to the jurisdiction of the court; that defendant’s rights of visitation under said judgment be restored; and that all arrears for such support which have accrued during such .period in which defendant has been deprived of such visitation be cancelled.
The record in this case indicates that on December 6, 1941 the parties entered into a separation agreement which provided, inter alia, that plaintiff wife was to have custody of the two children of the marriage (then 8 and 2 years respectively); that defendant was to pay plaintiff the sum of $65 per week for the support of herself and the children (with certain adjustments in the event of remarriage of plaintiff and upon the children attaining certain ages). The agreement further provided for detailed and liberal visitation privileges to defendant father, e.g., Saturday or Sunday of each week; the right to have the children with him at his residence on one weekend each month; the right to have the children with him on alternative holidays which include New Year’s Day, Lincoln’s Birthday, Washington’s Birthday, Easter Sunday, Decoration Day, July 4, Labor Day and the birthdays of the children; the right to have the children with him in either the month of July or August in each year. The agreement further provided that ‘‘ The ‘ husband ’ when taking the children, as herein provided, shall call for said children at the childrens’ home and shall return them to their home. There shall be no deviation from the rights of visitation herein afforded to the husband except ■ on account of illness ’ ’ and ‘1 in the event an action for separation or absolute divorce be instituted in the State of New York or any other competent jurisdiction, the provisions of this *66 agreement shall he included m said judgment of separation or divorce with respect to the support and maintenance of, the 1 wife ’, support and maintenance of the infant children, the custody of said children, and the rights of visitation to said children ” (emphasis supplied).
Less than two months later (Jan. 30, 1952), plaintiff commenced this divorce action wherein she charged defendant with acts of adultery allegedly committed in May, 1939. Defendant appeared through counsel but did not contest the action and, on February 24, 1942, after an inquest, the court directed the entry of a judgment. Accordingly, on March 6,1942 the court entered an interlocutory judgment of divorce which specifically referred to the afore-mentioned separation agreement and made it a part thereof “as if the same were set forth in full ” and the judgment repeated verbatim all the provisions of the separation agreement referable to support, custody and rights and privileges of visitation afforded defendant.
Plaintiff remarried in 1948 and in 1950 she moved to Louisville, Kentucky, with her new husband and took with her the afore-mentioned two children. One of the children attained his majority in 1954; and concededly defendant is now in arrears to the extent of $2,100 (as of Feb. 15, 1958) by reason of his failure to make weekly payments of $20 each for the support o'f the child who will soon become 19 years of age.
Defendant, too, has remarried and now has three children by his present wife. In addition to his alleged change in financial circumstances, defendant resists the present motion to punish and seeks a modification of the judgment of divorce upon the ground, principally, that plaintiff has violated and does now violate the visitation provisions of the divorce decree and that under such circumstances he should be relieved of the arrears which have accrued since January, 1957, and that all future payments should be suspended. Defendant does not contend that he has not seen his son for the past eight years. Rather, he sets forth that he has seen him on four occasions (1951, 1953, 1954 and 1956) when the boy visited with him for short weekly intervals in Westchester County.
With respect to the substantive questions of law presented by these motions, plaintiff takes the position that her removal of the children from the jurisdiction of this court does not relieve defendant of his obligations to make the support payments directed by the court in its judgment of divorce. She-further urges that it is only now, when faced with the motion to punish for contempt, that defendant seeks to invoke his *67 inability to exercise bis visitation privileges. In support of her position, plaintiff has submitted numerous authorities which do hold that where payments and visitation are not by the judgment made conditional — one upon the other — a husband cannot escape the obligation to support his child as directed by the judgment because he is deprived of the benefit of the judgment as to visitation (Altschuler v. Altschuler, 248 App. Div. 768; Fox v. Fox, 273 App. Div. 895; Smith v. Smith, 255 App. Div. 652; Tamny v. Tamny, 205 Misc. 439). However, defendant has urged upon this court, as holding to the contrary, the case of Goldner v. Goldner (284 App. Div. 961, affd. 309 N. Y. 675).
In analyzing the Goldner case (supra) the court finds that it is factually distinguishable from the case at bar. In the Goldner case, despite the father’s rights of visitation with his children, his wife, after procuring a Florida divorce, moved with her new husband from Long Island to Munich, Germany, without her first husband’s consent and against his objections. Four days after the wife sailed for Europe, the husband moved with dispatch and stopped the payments because of his inability to exercise his visitation privileges. In this posture of the case, the Appellate Division was justified in reversing an order punishing the husband for contempt and temporarily suspended all future support payments until the children were returned to the jurisdiction of the court. In the case at bar, however, it appears that plaintiff’s removal of the children from the jurisdiction of this court occurred in 1950. Defendant has made no factual showing that he objected to plaintiff’s removal to Kentucky with the children. On the contrary, it appears that defendant accepted such removal as a fact and with a degree of finality and he continued to make the support payments until January, 1957, when because of alleged financial reverses he fell in arrears. If the defendant felt aggrieved by plaintiff’s alleged misconduct in violating the terms of the judgment of divorce and thus frustrating his rights of visitation with the children, defendant should have applied promptly to this court for relief and of his own accord, and not have sat back and awaited the wife’s motion to punish for contempt involving considerable arrears. Under the circumstances, the court has no alternative but to grant plaintiff’s motion to punish for contempt and defendant is fined the amount of the arrears computed to April 1, 1958 (the original return date of the cross motion to modify the judgment of divorce). However, he may purge himself of such contempt by paying the fine in installments of $10 per week commencing one week after the service *68 of a copy of the order to be entered hereon with notice of entry thereof. No allowance is made to plaintiff for her expenses in bringing this proceeding.
Insofar as defendant’s cross motion is concerned, the court must, of necessity, first determine whether the provision for the support of defendant’s child was made conditional upon defendant’s right of visitation. Plaintiff concedes that distinction does exist between a decree and a separation agreement which provides for support payments and visitation rights. In this connection, the law is well settled that a father who is deprived of his visitation rights under a separation agreement need not comply even with those stipulations which relate to the support of the child. In the case of a separation agreement, all promises contained in such a bilateral agreement are regarded as mutually dependent (e.g., Duryea v. Bliven, 122 N. Y. 567; Muth v. Wuest, 76 App. Div. 332; cf. Borax v. Borax, 4 N Y 2d 113). This is on the theory that installments of money are to be paid for the support of the person whom the defendant has a right to see and visit under the terms of a separation agreement. The father’s right to see his children is tied into his covenant to provide agreed sums of money for their support (Borax v. Borax, supra).
In the light of the afore-mentioned authorities, an examination of the record in this case is in order. Here, the rights of the parties with respect to support for the children and visitation were originally defined and set out in a separation agreement. Shortly thereafter, in the decree of this court, dated March 6, 1942, wherein plaintiff was awarded the judgment of divorce, it was 1 ‘ ordered, adjudged and decreed, that the agreement entered into between the parties herein on or about the 6th day of December, 1941, be, and it hereby is made a part of this interlocutory judgment and of the final judgment hereinbefore provided for as if the same were set forth in full; ”.
Under such circumstances it is quite obvious that the support and visitation rights and obligations of the parties embodied in the divorce decree stemmed from the separation agreement and should, therefore, be governed by the principles of law enunciated in Duryea v. Bliven; Muth v. Wuest; Borax v. Borax (supra). (See, also, Harris v. Harris, 8 Misc 2d 198.) There is every indication in the separation agreement and the divorce decree in this case that defendant’s visitation rights were dependent and that the support provision was made conditional upon the right of visitation. Of course, what constitutes a *69 dependent covenant in the absence of any express intention may depend largely on the relative materiality of the provision (see Borax v. Borax, 3 A D 2d 404). In the case at bar, the liberal and detailed visitation privileges given to defendant, coupled with the fact that custody of the children was awarded to plaintiff 11 provided, however, that the husband (defendant) shall have the right ” (of visitation) leads the court to the conclusion that the divorce decree strongly implies that the children were to be available in this jurisdiction for visitation by the defendant father.
Accordingly, defendant’s cross motion is granted to the extent that commencing April 1, 1958 (the original return date of the cross motion), defendant be temporarily relieved of all future support payments for the child in question until he is returned to this jurisdiction where defendant may resume his right of visitation and that the judgment of divorce should be amended accordingly. In all other respects, the cross motion is denied.
Settle orders on notice.