Hicholas M. Pette, J.
The plaintiff Millicent Magrill and the defendant were married on June 19, 1949. They had one child, Pamela Hope Magrill, born on July 21, 1953. They separated on or about September 15,1953. During the pendency of a separation action in the Supreme Court, Kings County, in which the defendant herein interposed a counterclaim, the parties settled their differences by executing a separation agreement on May 27, 1954.
So far as pertinent here, they agreed that the writing, “ whenever called upon to be construed, shall be governed by the laws of the State of New York”; that the “ custody and control ” of Pamela, then eight months of age, should be given to her mother during the child’s minority, with certain rights of visitation to her father. He promised to support his child by paying $20 each week to her mother during her minority *899 or until her prior marriage. In addition, he promised to pay $15 per week for his wife’s own support during their joint lives or until she remarried.
Plaintiff Millicent Magrill instituted an action for divorce in Mexico, in which both parties appeared and submitted to the jurisdiction of the court. The resulting decree of divorce, entered on or about June 24, 1954, incorporated the terms of the separation agreement pursuant to an express provision thereof. The entry of such decree, however, did not relieve the defendant of his contractual obligations under the agreement, inasmuch as it was therein provided that it “ shall not be extinguished by merger as a result of incorporation * * but shall survive * * * and shall be binding and conclusive on the parties for all time.” (Hettich v. Hettich, 304 N. Y. 8, 14; Schmelzel v. Schmelzel, 287 N. Y. 21, 25-26; Goldman v. Goldman, 282 N. Y. 296, 301, 305; Sommer v. Sommer, 94 N. Y. S. 2d 23, affd. 277 App. Div. 998; Schwartz v. Schwartz, 206 Misc. 548.)
The defendant unilaterally reduced the total weekly installments payable to his former wife for her own and for their daughter’s support, as provided in the agreement of separation, from $35 to $20 per week commencing December 7, 1954. He further reduced such payments to $10 per week from on or about September 20, 1955, which reduction was followed by a letter to his former wife two days later, which he concededly wrote with the aid of an attorney. This letter was received in evidence and read to the jury solely to impeach his former wife’s credibility when she denied that he had ever complained about his rights of visitation of his child. It contained not only assertions of alleged facts upon which the defendant relied for his claim that his visitation rights under the agreement of separation were ‘ ‘ persistently refused ’ ’ but stated that he was ‘ obliged to treat the agreement between us as breached and violated on your part, and, accordingly, must disclaim any liability or obligation to provide for you in any amount and for our child in the amount designated in such agreement.” He concluded that he would thereafter provide for the child “ not in accordance with our agreement but rather in accordance with my means and ability, as required.by law.” He then unilaterally fixed the amount of the support and maintenance for his child in the sum of $10 per week.
On or about December 16, 1955, this action was commenced to recover the balance of installments which remained unpaid under the separation agreement. The amount sought to be recovered in the first cause of action, asserted on behalf of *900 the defendant’s former wife, individually, was by consent amended at the trial to the sum of $395, as of March 20, 1957. The second cause of action, asserted on behalf of the infant by her mother, as guardian ad litem, was similarly amended, but to the sum of $2,195 as of the same date. There was no dispute as to these amounts and the jury was so charged without objection.
Prior to the commencement of this action, and on or about November 3, 1955, an application was made to the Supreme Court, Kings County, for the appointment of a guardian ad litem for the infant. This application was exhibited at the trial but objection to the failure to have a guardian ad litem duly appointed before the commencement of the action was raised for the first time upon a motion by the defendant, made subsequent to the trial, to vacate and set aside the verdict of the jury. _ Immediately thereafter, and by an order of the Municipal Court of the City of New York, Borough of Brooklyn, dated June 7, 1957, the defendant’s former wife was duly appointed guardian ad litem of the infant, nunc pro tunc. The failure duly to appoint a guardian ad litem prior to the service of process did not denude the court of jurisdiction over the subject matter of the cause of action asserted on behalf of the infant. That was a mere irregularity which was cured by the entry of the order appointing a guardian ad litem, nunc pro tunc, as aforesaid. (Rima v. Rossie Iron Works, 120 N. Y. 433; Holmes v. Staib Abendschein Co., 198 App. Div. 354; Randall v. Randall, 12 Misc 2d 468.)
Nevertheless, the cause of action on behalf of the infant must be dismissed. While an objection that a plaintiff is not the real party in interest must be raised before trial or pleaded as an affirmative defense (Spooner v. Delaware, Lackawanna & Western R. R. Co., 115 N. Y. 22, 30; Wellman v. Holser, 56 N. Y. S. 2d 299, 302, affd. 271 App. Div. 775), else it is deemed waived, we are not dealing here merely with the question as to who is the real party in interest but with an issue of substantive law, which was reached by the motion to dismiss the complaint for legal insufficiency. (Kendall v. Kendall, No. 1, 200 App. Div. 702.) Moreover, the agreement of separation in the instant case was at all times before the court as an exhibit. Under these circumstances, an appellate court is not confined to a choice between the opposing constructions of an agreement between the parties, but may give it a “ ‘ meaning conceivably * * * different from that which either party justifiably attached to the words ’ ” provided that each party had full *901 opportunity to adduce all pertinent evidence bearing on the construction of the agreement and there was no claim that either party would or could have offered any further evidence.” (Rentways, Inc. v. O’Neill Millo & Cream Co., 308 N. Y. 342, 349.)
While the separation agreement before us prorated into separate amounts the support the defendant undertook to furnish to his then wife and to his infant daughter, both sums were expressly payable ‘ ‘ to the Wife. ’ ’ Accordingly, the cause of action for the infant’s support “ vested only in the mother ” and cannot be enforced by the infant individually ‘ without showing that her mother refused to bring it ”. (Kendall v. Kendall, No. 1, supra, p. 705.) Children have no direct interest in the money paid to the mother even though it be wholly or partly for their benefit ”. (Yates v. Yates, 183 Misc. 934, 937; Percival v. Luce, 114 F. 2d 774, 775.) The allegation in the fourth paragraph of the first cause of action that Mrs. Magrill duly performed all of the conditions of such agreement on her part”, which has been realleged by her in the second cause of action brought on behalf of the infant, compels the conclusion that the child was supported and maintained by her mother as she had impliedly, if not expressly, agreed to do in the separation agreement. (Gorman v. Gorman, 283 App. Div. 250, 252.)
The defendant’s affirmative defense that his former wife breached the separation agreement by her failure and refusal to accord him the rights of visitation of his child as therein provided, if established, would bar the recovery of all unpaid installments of support therein provided, including the amount which was allocated for the maintenance and support of the child. Recovery of installments payable by a husband to his wife for the support of their children has been denied in cases where he has been willfully and unreasonably deprived of his rights of visitation as provided in a separation agreement, upon the ground that the covenants were dependent. (Duryea v. Bliven, 122 N. Y. 567; Altschuler v. Altschuler, 248 App. Div. 768; Morgan v. Morgan, 201 F. 2d 868; Harris v. Harris, 8 Misc 2d 198; Richards v. Richards, 5 Misc 2d 46; Matter of Noel, 173 Misc. 844.) In distinguishing a covenant against molestation contained in a separation agreement from one providing for visitation of children, our Court of Appeals recently observed in Borax v. Borax (4 N Y 2d 113, 116): “ There installments of money are to be paid, at least in part, for the support of the persons whom the defendant has a right to see and visit under the terms of a separation agreement. The *902 father’s right to see his children is tied into his covenant to provide agreed sums of money for their support.”
Although the principle enunciated by the foregoing authorities would appear to be harsh at first blush, such harshness disappears when one considers that the father’s obligation to support his child remains pursuant to law. (Langerman v. Langerman, 203 Misc. 230; Matter of Pinto, 203 Misc. 244.) As was observed by Mr. Justice Martin M. Frank, now an Associate Justice of the Appellate Division of the First Judicial Department, in Schwartz v. Spergel (90 N. Y. S. 2d 439, 441): ‘ ‘ Although this rule of law may, at first view, seem harsh, and does relieve the father of the necessity of supporting his child by virtue of his agreement, it does not relieve him of his obligation to provide for the child pursuant to the Domestic Relations Law. This duty of the parent was fully and carefully explored in an excellent opinion by Sicher, J., in the case of Almandares v. Almandares, 186 Misc. 667, 60 N. Y. S. 2d 164.) ”
We are also of the opinion that the defendant has not established his defense of accord and satisfaction as a complete defense. This defense was based upon his claim that there was a dispute between the parties over his former wife’s alleged failure to comply with the provisions of the agreement with respect to his visitation rights, and that he had tendered to her certain sums of money in full payment which she received, accepted and retained. These payments consisted of $10 checks, on the reverse side of which defendant had made the notation “Payment of alimony for week ending”. In each instance he furnished the date for the week intended. The plaintiff Millicent Magrill crossed out the word ‘ ‘ alimony ’ ’ on some of such checks because, according to her testimony, she did not wish anyone to know of her marital affairs.
Paragraph eighteenth of the separation agreement, however, provided that “No modifications or waivers of any of the terms and provisions of this agreement shall be valid unless reflected in a written instrument and signed by both parties hereto, and no waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar nature.”
Accordingly, if there was a dispute concerning the defendant’s visitation rights, the acceptance by his former wife of each weekly check for an amount less than that provided in the separation agreement and bearing the notation referred to above would, without any reasonable explanation, constitute an accord and satisfaction only for the particular weekly sup *903 port installment. (Greenblatt v. Leipsig, 125 Misc. 922.) Even if the checks lacked such notations it would still be “ a question of fact whether other requirements of accord and satisfaction existed, i.e., insistence that the payment must be accepted in full or the check returned or that the tender was in settlement of a dispute.” (House v. Manor Poultry Corp., 283 App. Div. 989, 990; see, also, Hudson v. Yonkers Fruit Co., 258 N. Y. 168, 174.)
The fact that the checks accepted and cashed by the plaintiff Millicent Magrill embraced support provided by a separation agreement which was later approved and ratified in a decree of divorce rendered on the appearance of both parties did not prevent waiver of such support when there is no law preventing it. (Rehill v. Rehill, 281 App. Div. 855, revd. on other grounds 306 N. Y. 126.) Payments for the support of a child, though required to be made by agreement and judgment, may likewise be waived. (Axelrad v. Axelrad, 285 App. Div. 903, affd. 309 N. Y. 687.) Waiver, however, is “the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it.” (Werking v. Amity Estates, 2 N Y 2d 43, 52; Cutler-Hammer Inc. v. Troy, 283 App. Div. 123, 125.) In addition, under paragraph “ eighteenth ” of the separation agreement set forth above, the waiver of the amount of any particular weekly installment by the acceptance and retention of a check for less than the aggregate amount called for by the agreement did not terminate it eo instante with respect to future support in the full amount therein provided. It has been held, moreover, that in the absence of an action to set aside a separation agreement it must stand unless repudiated by both parties. (Galusha v. Galusha, 116 N. Y. 635; Gavellier v. Gavellier, 4 A D 2d 600; Spade v. Spade, 6 Mise 2d 170; O’Hara v. O’Hara, 68 N. Y. S. 2d 649.) It follows, that accord and satisfaction if found to be any defense within the principles above set forth was only a partial defense as to the weekly installments of support represented by the checks that had been accepted and cashed. (Civ. Prac. Act, § 262; Rehill v. Rehill, 306 N. Y. 126, 133.)
Inasmuch as there is to be a new trial of this action, it may be pointed out that the charge of the trial court with respect to the issues presented by the two defenses was inadequate. The mere statement of the contentions of the parties without defining the applicable rules of law left the charge in a state of uncertainty. More specific instructions must be given for the guidance of the trier of the facts." Moreover, the defendant’s letter dated September 22, 1955, following his reduction of payments to $10 per week from on or about *904 September 20, 1955, was received in evidence and read to the jury solely to impeach the testimony of his former wife to the effect that he had not complained to her about his visitation rights under the agreement. The jury, however, was not admonished immediately or instructed in the court’s charge that this letter was offered and received solely on the question of credibility, and that its contents were not to be taken as affirmative evidence of the facts therein stated. This letter was self-serving and had no substantive or independent testimonial value. (Steber v. Palm Knitting Go., 206 App. Div. 439, 440.)
The judgment, therefore, should be reversed and a new trial granted, without costs. The cause of action on behalf of the infant is dismissed with leave to her mother, the plaintiff Millicent Magrill, to amend her complaint so as to embrace the balance of unpaid installments under the separation agreement of May 27, 1954, intended both for herself and her child; the defense of accord and satisfaction is dismissed insofar as it purports to plead a complete defense, with leave to the defendant, if so advised, to replead it as a partial defense; the order of June 6, 1957, appointing a guardian ad litem, nunc pro tunc, is affirmed, and the appeal from the order of June 10, 1957 is dismissed as academic.
Di Gtovanna and Brown, JJ., concur.
Judgment reversed, etc.