Benjamin Brenner, J.
The plaintiff moves to punish her former husband for contempt for failure to make payments *713 of $50 weekly for the support and maintenance of herself and the infant issue of the parties from November 29, 1954 to September 23, 1955 as provided in a judgment of separation. Custody of the child was awarded to the wife with visitation rights to the defendant father. The following is conceded: That on or about March 1, 1955 the plaintiff permanently removed herself and the child to Florida, without notice to the defendant; that on September 23, 1955 plaintiff obtained a final decree of divorce from the defendant in Florida; and that the amount of $618, already paid by defendant, is to be credited to whatever alimony payment defendant was required to make during the period aforesaid.
The plaintiff has withdrawn any claim for alimony for herself subsequent to March 1, 1955, the day on which she left New York. She asserts, however, that the defendant’s obligation to support his child continued even after that date and asks the court to set the amount of such support at $25 per week.
The question presented to the court is whether a father may be cited for contempt for failure to conform to the support provisions of a judgment where the mother has removed herself and the child from the State so as to effectively deprive the father of the visitation rights which are part of that same judgment. That question must be answered in the negative. (Harris v. Harris, 197 App. Div. 646; Goldner v. Goldner, 284 App. Div. 961; Goldman v. Goldman, 82 N. Y. S. 2d 318; Wiener v. Wiener, 149 N. Y. S. 2d 362; Richards v. Richards, 5 Misc 2d 46; Turner v. Turner, 17 Misc 2d 50.)
Punishment for contempt is a remedy which should be used only in a clear case and its application depends upon the facts in each particular case. (Goldberg v. Goldberg, 236 App. Div. 258; Brill v. Brill, 148 App. Div. 63.) Where, as here, a party is seeking to invoke the court’s authority to use the discretionary though harsh remedy of punishment for contempt there should be no question of the good faith of the one seeking the remedy. Plaintiff lacks such good faith for she is herself violating the judgment of the court by keeping the child outside of the State and thus preventing the father and the child from exercising their mutual visitation rights.
The provision of the judgment of separation for visitation rights by the father implies that the child will be available in this State for such visitation. It is no answer to say that the husband may enforce his rights under the judgment by a similar contempt proceeding against the wife since the wife has removed herself from the power of the court to punish her.
*714 The eases cited by the plaintiff are distinguishable. Fox v. Fox (273 App. Div. 895) and Frischman v. Frischman (118 N. Y. S. 2d 196) involved motions for money judgments. Altschuler v. Altschuler (248 App. Div. 768) concerned a motion by the husband to modify the judgment. Tamny v. Tamny (205 Misc. 439) was decided prior to Goldner v. Goldner (supra), and moreover, in that case a question was presented as to whether the mother and child were in Florida only for a vacation and therefore still New York residents or whether they had moved permanently. Here there is no such question since the plaintiff admits that she and the child have become residents of Florida. In Webster v. Webster (14 Misc 2d 64) the court found that the husband had made no objection for seven years to the removal of the children from the State. In the instant case the plaintiff’s own affidavits indicate that the husband objected vehemently.
The argument that to relieve the father of his obligation to support because of the actions of the mother would be contrary to the principle that the child is a ward of the court and must be protected at all times is not valid in this situation. It should be noted that the spiritual need for a ward of the court to visit with the father may be as great as the economic need for support. In any case, the child, too, is being deprived of basic rights of visitation with the parent, a deprivation which is in plain violation of the implied terms of the very judgment pursuant to which plaintiff seeks a remedy.
The central and compelling factor, however, is that the concept of the Supreme Court as parens patriae applies only to minor children who are residents of this State (Matter of Bachman v. Mejias, 1 N Y 2d 575). And, even if we assume that the obligation of this court extends to a child who is not a resident of this State but one of whose parents may be a resident of this State, there are ample remedies for the mother to seek support for said child without resorting to the drastic remedy of contempt.
While it is not decided here whether the plaintiff would be entitled to a money judgment, even if that were answered in the negative (Turner v. Turner, supra), the plaintiff wife would still have an adequate remedy under the Uniform Support of Dependents Law (Domestic Relations Law, §§ 30-43).
The plaintiff is consequently not entitled to punish this defendant for failing to make payments due after March 1, 1955. With regard to his default in payments due prior to March 1, 1955, the court finds that the total amount of payments due under the separation judgment from November 29, *715 1954 to March 1, 1955 was $700. Since the defendant made payments in the amount of $618, he is found to be in contempt and is fined the sum of $82. He may purge himself of such fine by making weekly payments in the sum of $10 which shall be in addition to any payments that he is currently making for the support of the child under an order of the Domestic Relations Court. The plaintiff is allowed the sum of $75 as and for a counsel fee upon this motion, to be paid within 10 days after the entry of an order herein.
Settle order on notice.