Fred J. Munder, J.
Defendant moves to open his default' and vacate a judgment entered in favor of his former wife against him for past-due installments under a separation agreement for the support of his five children.
The separation agreement was made in October, 1952. In October, 1954, without defendant’s consent, plaintiff removed the five children to Florida and there remarried and remained until 1958. She claims she was entitled to leave New York State because the defendant had breached the agreement by being in default for at least one month before she left.
The law is quite clear that as to support payments due under an agreement, the denial of visitation rights reserved in the agreement will suspend the payments until the right is restored. (Duryea v. Bliven, 122 N. Y. 567; Magrill v. Magrill, 16 Misc 2d 896.) It does not suspend the father’s obligation to support his children, which may otherwise be enforced, but it does relieve him of the contractual liability.
Here the defendant, though undeserving from a social viewpoint, has a defense which will probably prove to be successful in reducing the amount of the judgment. This he is entitled to present if his default was not willful.
He says he was served with the summons and thought he had to go to plaintiff’s attorneys’ office to respond. Because he was displeased over the actions and attitudes toward him by these attorneys in the past he did not answer the summons. This, from a person against whom eight prior judgments had been entered by other creditors, is hardly proof of mistake, inadvertence or excusable neglect.
*305 Yet because the judgment was entered for only $152 less than the greatest amount that would have been due if no suspension of payments for loss of visitation rights occurred, I believe the interests of justice require that the default be opened.
The plaintiff claims that the only reason defendant seeks to vacate the judgment is to release his bank account, containing some $1,500, from the levy under execution on the judgment and to render himself judgment proof. Such a result should not be permitted to occur in this case. This husband not only has not supported his children, by his own admission; he failed to visit them when he had the right and the opportunity to do so, and he is in arrears on a Children’s Court order.
The motion is granted and the judgment vacated on condition that the defendant deposit cash security with the County Treasurer in the sum of $1,500 to the credit of this action and subject to the further order of this court. This may be accomplished by the transfer of the deposit now under levy.
Submit order.