Murray T. Feiden, J.
Plaintiff moves to punish defendant for contempt fol* failure to make payments pursuant to -the decree of divorce between the parties, which decree provided for the support aild maintenánce of both plaintiff and the infant issue of the marriage. The arrears amount tó $684. Defendant cross-moves to punisii plaintiff for contempt for allegedly refusing to permit defendant reasonable visitation with the child of the parties and for a Modification of the judgment so as to provide for a fixed time for visitation and *40 for a modification of the amount required for support and maintenance.
At the end of February, 1960 plaintiff and the infant issue moved to the home of plaintiff’s parents in Miami, Florida. It is claimed by plaintiff that this was done with defendant’s consent; that the parties had arrived at a new agreement in respect of visitation, and that such modified arrangement provided for the defendant to enjoy visitation rights during the Christmas holidays and the Summer vacation.
The parties had entered into a separation agreement prior to the entry of the decree of divorce. The agreement which, by its terms, was to survive any decree of divorce which might be obtained, accorded the defendant the right of visitation during one week end in each month, and further provided that the plaintiff would be free to establish a domicile for herself and the issue of the marriage in any place in the United States, provided due notice were given the defendant. The provisions of the separation agreement were not incorporated into the judgment. The judgment of divorce gave plaintiff sole custody of the infant, giving the defendant 1 ‘ reasonable rights of visitation.”
The defendant’s contentions may be measured against the significant fact that the last payment made by him was on January 8,1960, some time prior to the removal of the child from the State of New York, which removal is assigned by him as the ostensible reason for his suspension of the payments directed by the decree; nor has explanation been tendered by the defendant for his failure of compliance with the provision of the said decree directing support for the plaintiff.
In any event, the provision in the decree for support and maintenance is an independent one, and is not conditioned upon the enjoyment by the defendant of his right of visitation. Accordingly, plaintiff’s removal to Florida — quite apart from her vehement assertion that it was in keeping with the mentioned modified understanding between the parties — provides no warrant for relieving the defendant from his obligation of support, as fixed by the decree of divorce. (Fox v. Fox, 273 App. Div. 895 [App. Div. 2d Dept.]; Smith v. Smith, 255 App. Div. 652 [App. Div. 2d Dept.]; Altschuler v. Altschuler, 248 App. Div. 768 [App. Div. 2d Dept.]; Schweig v. Schweig, 122 App. Div. 787; Tammy v. Tammy, 205 Misc. 439; 27B C. J. S., Divorce, p. 487.)
The case of Goodman v. Goodman (17 Misc 2d 712) relied upon by defendant, wherein it was held that a father may not be cited for contempt for failure to comply with the support *41 provisions of the judgment where the mother has removed herself and the child from the State, so as to deprive the father of visitation rights contained in the same judgment, is distinguishable from the instant case. Here, the visitation provisions of the judgment lack that degree of definiteness and specificity' which are prerequisites to the invocation of the remedy of contempt. The weight of authority is in accord with the conclusion reached by this court. Too, while the parties rely, of necessity, upon the decree in respect of the relief sought by each of them, it may be noted that the terms of the separation agreement do not proscribe the conduct of the plaintiff in the premises; indeed, they are wholly consonant therewith.
The defendant urges upon the court that his financial circumstances have changed adversely; hence, his cross motion for a reduction of the allowance fixed by the decree of divorce. The conflicting versions in respect of that aspect of the problem may not be summarily resolved upon the basis of the affidavits submitted by the parties. Therefore, the question as to the defendant’s present financial ability to comply with the direction of the decree relating to support and maintenance, as well as the subject of the visitation rights of the defendant under the existing circumstances, will be referred to an Official Referee.
Hownver, the failure by the defendant to make any payments, as required by the said decree, since January 8, 1960, impels the court to grant the motion of the plaintiff to punish the defendant for contempt and he is so adjudged. The defendant may purge himself by paying the arrears, in the sum of $684, at the rate of $10 per week, in addition to the current alimony.
The defendant’s motion to punish the plaintiff for contempt is denied, but the issues raised by that branch of the motion seeking a modification of the provision touching upon support and maintenance, and that of the defendant’s visitation rights, are referred to an Official Referee to hear and report, or, if the parties so stipulate, to hear and determine. Settle order.