Mario Pittoíti, J.
Motion for summary judgment in three causes of action of an amended complaint wherein recovery of (1) support for the plaintiff, (2) dental expense for the child, and (3) expenditures for camp attendance by the child are sought.
The causes of action are based on a separation agreement allegedly entered on August 18, 1955. On August 22, 1955 a Mexican divorce was obtained by the plaintiff. The separation agreement was ratified and confirmed by the decree issued by the Second Civil Court of the District of Bravos, State of Chihuahua, Republic of Mexico.
In opposition to the motion it is urged: (1) that the separation agreement is illegal since it was conditioned upon the plaintiff obtaining a divorce; (2) that the plaintiff has violated the terms of the agreement by denying the defendant visitation privileges and by her misconduct with a named individual; (3) that conditions precedent to a recovery for orthodontic work and camp expense have not been complied with.
The court has examined the papers submitted and finds issues which cannot be resolved without a hearing. For instance, whether the defendant was denied his visitation privileges. While a defense to the first cause of action to that effect is not pleaded, the affidavit of the defendant raises the issue and that is the “decisive consideration” on a motion for summary judgment (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93). Assuming the amendment of the answer, noncompliance with the visitation privileges provided by the separation agreement would bar a recovery of support (Mackay v. Mackay, 205 Misc. 470, 473; Magrill v. Magrill, 16 Misc 2d 896). However, the misconduct of the plaintiff with a third person would not (Davis v. Davis, 8 A D 2d 566).
As to the second and third causes of action it does not clearly appear (1) that any sum was due for orthodontic work when the action was commenced, or (2) that the camp expenses for the years 1958 and 1959 were incurred in accordance with the agreement, i.e., that the child desired to attend Summer camp for those years.
With respect to the first defense — that the agreement is illegal in that it violates section 51 of the Domestic Relations Law — the court finds to the contrary. An examination of the agreement reveals: that it was not contingent upon the obtaining of a divorce (Butler v. Marcus, 264 N. Y. 519); that it was executed with' the advice of counsel; that the agreement contains the “entire understanding” of the parties; and that it was signed and acknowledged by the parties on August 18, *969 1955. Aside from the fact that since the agreement was ratified and confirmed by a concededly valid decree of divorce its legality is not open to question (McLinden v. McLinden, N. Y. L. J., March 10, 1955, p. 13, col. 3, decision by the late Justice Stoddart, affd. 286 App. Div. 1033). Evidence which would tend to contradict or vary the terms of the instrument would not be admissible (Richardson, Evidence [8th ed.], § 578 et seq.; Fogelson v. Rackfay Constr. Co., 300 N. Y. 334, 340).
Accordingly, the motion is denied as to the first cause of action, upon the condition that an amended answer be served within 20 days after the service of a copy of the order pleading the violation of the visitation privileges afforded by the agreement, and denied as to the second and third causes of action. Settle order on notice.