G. Robert Wither, J.
Plaintiff has brought suit upon an Arizona judgment against defendant for $25 weekly payments required of defendant in said judgment for the support of his two children in plaintiff’s custody in Arizona. Plaintiff claims that defendant has made no payments from May 29, 1960 to the date this action was begun, and that $1,425 is due to her under the foreign judgment up to that time.
Defendant answers that a separation agreement was entered into between the parties providing that plaintiff have custody of said two children, that defendant pay to plaintiff $25 weekly for their support, and that defendant have stated visitation *1010 rights; that when plaintiff obtained her divorce from defendant in Arizona in March, 1960 said separation agreement was made a part of the decree, nearly verbatim; and that in June, 1960 when defendant sought to exercise his visitation rights the plaintiff denied the same to him and concealed the children. Defendant sets up such denial of visitation rights as his only defense to this action upon the foreign judgment for judgment for the arrears in support payments. Plaintiff has moved for summary judgment.
It appears that prior to instituting this action plaintiff and her father brought suit in this court against defendant, based upon the separation agreement. Defendant interposed an answer thereto, and that action is pending. Defendant has cross-moved to have said action consolidated with this one, on the ground that the defense raised in each action is essentially the same.
Covenants for support payments and visitation rights in separation agreements are deemed dependent. (Duryea v. Bliven, 122 N. Y. 567; and, see, Borax v. Borax, 4 N Y 2d 113, 116.) In an action for support payments brought upon a separation agreement, the defense of the denial of visitation rights may be properly interposed. (Duryea v. Bliven, supra; Magrill v. Magrill, 16 Misc 2d 896, 901 [App. Term]; Garbarino v. Keller, 20 Misc 2d 303.) It appears however that when the provisions of a separation agreement containing such dependent covenants are incorporated into a judgment, particularly a foreign judgment, as a matter of public policy they cease to be dependent. (Lynde v. Lynde, 162 N. Y. 405, 417, affd. 181 U. S. 183; Sterns v. Stevans, 11 A D 2d 726; Leifer v. Leifer, 2 A D 2d 898; Fox v. Fox, 273 App. Div. 895; Smith v. Smith, 255 App. Div. 652; Altschuler v. Altschuler, 248 App. Div. 768; Vastola v. Vastola, 23 Misc 2d 39; Webster v. Webster, 14 Misc 2d 64; Baumann v. Goldstein, 201 N. Y. S. 2d 575.)
“ Full faith and credit ” must be accorded the foreign judgment, at least insofar as payments have accrued thereunder. (Lynde v. Lynde, 162 N. Y. 405, 417, affd. 181 U. S. 183, supra; Smith v. Smith, 255 App. Div. 652, 654, supra; Van Horn v. Van Horn, 196 App. Div. 472, 479; Mitchell v. Mitchell, 194 Misc. 73; and, see, Nichols v. Nichols, 306 N. Y. 490, 498.)
Although such seems to be the law I think it is unnecessarily rigid as applied to the instant situation. Of course, if the judgment has been assigned to a bona fide purchaser for value, the rule would need to be as it is. But when the plaintiff still holds the judgment, I see no valid reason for denying the husband the defense he would have under the incorporated separation agree *1011 ment, to wit, that the covenants are dependent. Certainly this should be so when the plaintiff seeks to enforce her foreign judgment in New York.
A closely related problem arises out of section 1171-b of the Civil Practice Act, which provides in part that “ Where the husband, in an action for divorce, * * * makes default in
paying any sum of money as required by the judgment * * *
directing the payment thereof, the court in its discretion may make an order directing entry of judgment for the amount of such arrears, or for such part thereof as justice requires having regard to the circumstances of the respective parties ”. In the case at bar although defendant does not reveal his own financial condition, he does set forth in his papers that the plaintiff and two children have recently inherited over $200,000. Moreover, it has been held under the above-quoted section that the court may consider “ equitable as well as financial circumstances ” in exercising its discretion. (Turner v. Turner, 17 Misc 2d 50, 51.) The latter case, it should be noted, involved a New York judgment of separation.
Although there is much to be said for applying section 1171-b of the Civil Practice Act in the instant case, I feel constrained by the decisions above cited, concerning foreign judgments. This problem should be dealt with by uniform State laws or by Federal statute or decision. One answer to defendant’s difficulty is that, for good reason or not, he failed to exercise his right to move to amend the Arizona judgment (Sterns v. Stevans, 11 A D 2d 726, supra; Neikrug v. Neikrug, 269 App. Div. 751; Van Horn v. Van Horn, 196 App. Div. 472, 479, supra; Webster v. Webster, 14 Misc 2d 64, supra); and, unless he now resorts to such remedy, his problems will be compounded in the future.
In her motion for summary judgment plaintiff seeks a drastic remedy, and it should only be granted if no defense is apparent. Defendant could have interposed defenses which, if a reasonable basis therefor existed in the papers, would require a denial of this motion (Smith v. Smith, 255 App. Div. 652, 655 et seq., supra; and, see, Magrill v. Magrill, 16 Misc 2d 896, 902, supra). But such defenses are not made herein.
The case of Goldner v. Goldner (284 App. Div. 961, affd. 309 N. Y. 675) in which the court refused to hold a husband in contempt for failure to make support payments in accordance with a foreign judgment is distinguishable. Our courts therein did not deny “ full faith and credit ” to the foreign judgment, but exercised discretion in favor of the husband with respect to the application of supplementary provisions in New York law designed to aid collection of matrimonial judgments. (See Civ. *1012 Prac. Act, § 1172-a.) The court did not hold that in a suit to reduce the foreign judgment to a New York judgment for money due, it would not honor such foreign judgment. (See Goodman v. Goodman, 17 Misc 2d 712.)
Plaintiff’s motion for summary judgment is, therefore, granted. Defendant’s cross motion for consolidation is denied.